## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

**RECEIVED**

**APR 1 7 2015**

AT 8:30_____M
**WILLIAM T. WALSH, CLERK**

| | |
|---|---|
| RICHARD M. ZELMA<br>PLAINTIFF<br>vs.<br>EVAN KUPERMAN individually, as owner, officer or managing member of<br>GALAXY NYACK INC., d/b/a ROCKLAND TOYOTA,<br>and<br>GALAXY NYACK INC., d/b/a ROCKLAND TOYOTA,<br>and<br>DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP.<br>DEFENDANTS | Case 2:15-cv-0308-SDW-SCM<br><br>Removed from the Superior Court of New Jersey Law Division, Bergen County;<br><br>Original DOCKET NO.BER-L-0338-14<br><br>**Civil Action**<br><br>**AMENDED COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES; TREBLED DAMAGES; BREACH OF IMPLIED CONTRACT; BREACH OF PROMISSORY ESTOPPLE and for PERMANENT INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1.   Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood New Jersey, by way of Amended Complaint as

-1-

against Defendants' says as follows:

2. This suit is brought pursuant to applicable authorities; 47 U.S.C. §227 (c)(5) *et seq*, which prohibits the initiation of unsolicited marketing calls made by telephone, either live or prerecorded. As set forth herein, the Defendants repeated calls, made to Plaintiff's home, caused undue harassment, violated the peace and solitude of his home and violated federal no-call laws.

## II. **PARTIES**

3. Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648. Plaintiff subscribes to telephone number [201] 767 8153 and has owned such number over 40 years.

## III. **DEFENDANTS**

4. Upon information and belief, Defendant Galaxy Nyack, Inc., d/b/a Rockland Toyota (Hereinafter, "Rockland", "Rockland Toyota", "the dealership", "dealer" or "Defendant") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business located at 618 Route 303, Blauvelt, New York 10913.

5. Galaxy Nyack, Inc., d/b/a Rockland Toyota may be served at; National Registered Agents, Inc., 160 Greentree Dr. Ste 101, Dover DE. 19904.

6.    Upon   information   and   belief,   Defendant   Evan   Kuperman
(Hereinafter "Kuperman" or "Defendant") is the active co-owner of
defendant Rockland Toyota, controlling, directing and making the
day-to-day operational decisions for his company. Kuperman may be
served at his place of business, 618 Route 303, Blauvelt, NY 10913.

7.    Plaintiff sues Defendant Kuperman individually under
the Responsible Corporate Officer Doctrine.

8.    Defendant Does' and ABC corporations' identities are
currently unknown to Plaintiff and such parties will be
identified as that information becomes available.

## IV. JURISDICTION AND VENUE

9.    The facts giving rise to this complaint had their
primary effect in the County of Bergen.

10.    This Court has general jurisdiction under authority
of   47   U.S.C.   §227(c)(5)   where   Defendants   engaged   in
substantial,   continuous   and   systematic   activities   by
repeatedly   initiating   unwanted   calls   into   New   Jersey,
within this County, to Plaintiff, a resident whose phone
numbers are registered on the Federal and States no-call
list since inception and the controlling jurisdiction in
which the violations occurred.

11.    As further set out below, the defendants' ignored
Plaintiffs repeated no-call-request and purposely directed
their   activities   towards   him,   deliberately,   in   a

continually harassing manner, for their own financial gain.

## V. ACTS OF AGENTS

12. Whenever and wherever it is herein alleged that the Defendants', either individually, in concert with others or as a group, did any act defined or described in the within matter, it is meant the Defendants' performed, caused to be performed and/or participated in the act and/or that Defendant's officers, employees, managers, general managers, assistant general managers, contractors, assigns, successors, predecessors, affiliates, or 'other' agent[s] performed or participated in those acts on behalf of, for the benefit of, and/or under the authority of the Defendants' and each of them.

## VI. FACTUAL BACKGROUND

13. In 2008, Plaintiff leased a Toyota vehicle from Rockland. During the process, Plaintiff was presented with papers requesting that he agree to among other things, to accept phone calls from the dealer or its marketing partners for matters not related to service or recalls.

14. Plaintiff and his wife vehemently objected to such request and refused to sign any such agreement. In furtherance to that request, Plaintiff instructed Rockland's managing employee, Mrs. Masih, where in fact, he was **NOT** to

-4-

be called for anything except that related to "the vehicle being serviced".

15. In 2011, during the time period surrounding the lease expiration, Plaintiff received a total of Twelve (12) prerecorded messages inviting him to visit 'his' Toyota Dealer in what was described as a plethora of "deals."

16. The calls referenced "great deals" for the next lease or purchase but neither Rockland nor Toyota Corp would take ownership or responsibility for those prohibited calls.

17. Subsequently, Plaintiff commenced with the appropriate litigation against both the dealership and Toyota Motor Corp a/k/a Toyota Financial Services.

18. Suit was filed in the Bergen County Superior Court bearing Docket No.: BER-L-1027-13. Shortly thereafter, defendants' removed the case to District Court bearing Case No.: 2:13-cv-02698-ES-SCM.

19. Plaintiff filed a Motion to remand which was granted and the matter was remanded back to the Bergen County Court on or about October 1, 2013. Shortly thereafter, on or about June 10, 2014, the matter settled.

20. That settlement engaged an agreement and release. The agreement created an implied contract or promissory estoppel on the part of the defendant whereby, the actions addressed in the complaint would not be repeated by the defendants.

**21.** It should be noted; during the ongoing previous suit, Plaintiff was experiencing electrical problems with the subject vehicle, whereby the warranty required the vehicle be repaired from where the problem started, at Rockland Toyota.

**22.** Following four (4) previous visits to Rockland for the same unresolved problem, plaintiff found it necessary to again bring his vehicle in to Rockland.

**23.** Plaintiff set-up August 4, 2014 with service writer Donato Pozzuto to bring in his vehicle. Upon arriving at the Rockland Dealership, Mr. Pozzuto asked Plaintiff and his wife to "stay put" while he located a "loaner vehicle".

**24.** Minutes later, Mr. Pozzuto asked Plaintiff and his wife to accompany him to another part of the facility.

**25.** Plaintiff and his wife were then confronted by a Thomas Stacey, claming to be the service manager.

**26.** While in the presence of Mr. Pezzuto, other employees of the Defendant dealership as well as customers waiting for their vehicles, Mr. Stacey stated in a rather loud and seemingly annoyed tone; *"Mr. Zelma, you filed suit last year against this dealership and its owners for 12 telemarketing calls made to your home, isn't that correct?"* Plaintiff responded in the affirmative.

**27.** Stacey continued, *"And as a result of that suit, we paid you* [REDACTED] *dollars to settle that suit, isn't that correct?* Plaintiff responded in the affirmative.

-6-

**28.** Stacey continues; *"for that reason Mr. Zelma, we no longer want to work on your vehicle, we want you to leave this dealership now. If you come back for any reason, we will call the police and have both you and your wife escorted out, is that clear?"*

**29.** Plaintiff asked Mr. Stacey, who gave him this directive and was told Evan Kuperman. Plaintiff informed Stacey that an extended warranty was still in effect with the dealership and to refuse service for an ongoing issue would be a material breach of such agreement. Stacey shrugged his shoulders stating *"leave the building now!"*[1]

**30.** The foregoing recitation questions the Defendants ability to not only maintain an effective no-call policy, but further questions Kupermans intention to invite a former customer back to his place of business from which that customer was previously thrown out of.

## VII. ADDITIONAL CALLS/ CURRENT VIOLATIONS

**31.** As fully set-out below, the implied contract and promissory estoppel embodied within the Settlement Agreement was breached by the (current) defendants', Evan Kuperman and Rockland Toyota.

**32.** On September 9, 2014, in defiance to the previous no-call request which emanated through the recently settled

---

[1] Plaintiff will be filing a separate suit against the Defendants' for breach of contract under the Magnusson Moss Warranty Act

legal dispute, the defendants (again) initiated calls to Plaintiffs residence, captured by Plaintiffs Caller ID software, indicating number [845] 358 2220 initiated three (3) calls to his residential number, [201] 767 8153.

**33.** The first call from number [845] 358 2220 was captured at 9:48 AM, leaving no message.

**34.** The second call from number [845] 358 2220 was captured at 9:53 AM, leaving no message.

**35.** The third call was captured at 10:04 AM from [845] 358 2220.

**36.** Plaintiff responded to the third call where a young lady said she was calling from Rockland Toyota, where she previously tried to call but was interrupted by customers entering the dealership but wanted to offer Plaintiff maintenance service on his 2008 Toyota at the defendant's facility. The three (3) calls on September 9, 2014, were solicitations as that term is defined for the defendants' products, goods or services.

**37.** The service being offered included an oil change, tire rotation with an option for an inspection of brakes and other mechanical parts, each service having its own cost.

**38.** Defendant Evan Kuperman made a deliberate conscious decision to initiate those calls by engaging in a prohibited course of conduct, directing his employees to repeatedly

solicit Plaintiff, knowing his telemarketing calls were
unlawful, unwanted and would not be welcomed by Plaintiff.

**39.** The definition of "telephone solicitation" twice
specifically references "initiation of a telephone call or message,"
not "initiation of a telephone call and message."

**40.** Subsequently, the defendants' actions breached an
implied contract as well as promissory estoppel/detrimental reliance
whereupon it was understood Kuperman and his organization
would no longer solicit Plaintiff as a result of the
previous litigation. [Kuperman Aff.¶ 7, EXHIBIT 1]

**41.** It should be well established through the previous
litigation where Plaintiff and the defendants and each of
them do not have any established or existing business
relationship that had not been previously severed for
purposes related to telemarketing.

**42.** It should also be noted by the defendants repeated
calls that Kuperman does not have nor ever had established
or implemented procedures to **effectively** stop the unwanted
calls, or in the alternative, choose not to do so.

**43.** Within the previous litigation and relevant to the
instant matter, Kuperman had signed under oath, an affidavit
dated May 14, 2013, in support of his defense where he
stated with particularity; *"Rockland Toyota removed all
telephone numbers associated with Richard M. Zelma from its*

*system, following Mr. Zelma's July 26, 2008 "cease and desist letter."* [Kuperman Aff.¶ 7, EXHIBIT 1]

**44.** Kupermans sworn statement is a sham. There is no veracity within any of his claims since the reality of the prevailing litigation shows that Kuperman never had procedures in place to stop unwanted telemarketing calls.

**45.** In fact, shortly before filing the within matter, a mailing was received by Plaintiff on November 20, 2014, sent from defendant Kuperman, inviting Plaintiff to take advantage of some Black Friday deals, attached herewith and made a part hereof as [EXHIBIT-2].

## VIII. **FACTS RELEVANT TO THE AMENDED COMPLAINT**

**46.** Plaintiff has no established or existing business relationship with the defendants' to exempt telemarketing calls.

**47.** The defendant's calls set forth herein, were made in violation of both federal and State law.

**48.** At all times material to this Amended Complaint, acting alone or in concert with others, defendant Kuperman had the authority and/ or responsibility to prevent or correct the unlawful telemarketing practices but knowingly chose not to do so.

**49.** The named Defendants' are therefore liable along with the currently unnamed Doe Defendants, under the terms of 47

U.S.C. §227 (c)(5).

**50.** The defendants' initiated and delivered at least three (3) calls to Plaintiffs residential phone line, [201] 767 8153, commencing September 9, 2014, all with the intent and sole purpose to solicit the Defendants services, not to see how Plaintiff 'was doing'. Id.

**51.** At all times relevant, the Defendants purposely, willfully or knowingly initiated or caused the initiation of those calls to Plaintiff and delivered said calls to Plaintiff which were purely commercial in nature, to benefit the Defendant's own financial gain.

## IX.    THIS COURT'S POWER TO GRANT RELIEF

**52.** 47 U.S.C. §227(c)(5)(A) empowers This Court to grant injunctive and other ancillary relief to prevent and remedy any future violation[s] by the Defendant of any provision of law that protects Plaintiff, enforced by the FCC and / or the State.

**53.** Plaintiff will suffer continual harassment and abuse to his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

**54.** Accordingly, Plaintiff has a cause of action against the Defendants and hereby seeks relief under the TCPA's Strict Liability statutory damage award, the Defendants

breach of implied contract and promissory estoppel and
Permanent Injunctive Relief pursuant to the foregoing and as
against each Defendant.

## X. COUNT ONE
## VIOLATIONS OF THE TCPA'S
## DO-NOT CALL LIST REQUIREMENTS
## (47 U.S.C. § 227(c)(5)(B)

**55.** Plaintiff repeats, re-alleges and incorporates by
reference Paragraphs one through fifty-four above as if set
forth in full at length.

**56.** The language of 47 C.F.R. §64.1200(c)(2) quite plainly
states that "No person or entity shall initiate any telephone
solicitation to . . . [a]residential telephone subscriber who has
registered his or her telephone number on the national do-not-call
registry of persons who do not wish to receive telephone
solicitations that is maintained by the Federal Government. . . ."
(Emphasis added).

**57.** The Defendants initiated three (3) calls to Plaintiffs
residential phone line which is listed on the FTC no-call list since
2003.

**58.** Moreover; "the term 'telephone solicitation' means the
initiation of a telephone call or message for the purpose of
encouraging the purchase or rental of, or investment in, property,
goods, or services, which is transmitted to any person, but such
term does not include a call or message;

(i) To any person with that person's prior express invitation or permission;

-12-

(ii) To any person with whom the caller has an established business relationship;

47 C.F.R. §64.1200(f)(14). (Emphasis added).

59. Plaintiff did not provide Defendants with prior express invitation or permission to call him.

60. Plaintiff does not have an established business relationship with the Defendants which has not been previously severed for purposes of telemarketing.

61. The statute, codified at 47 U.S.C. §227(c)(5), authorizes a Private Right of Action against any entity initiating such unlawful calls, thus violating that no call request.

62. On the dates set forth above, the defendants and each of them initiated three (3) calls to Plaintiffs residence, a number previously placed on the national do-not-call registry.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the three (3) unlawful calls initiated to Plaintiff, material to Count One for a total of $1500.00.

## XI. COUNT TWO
## VOLUNTARILY DISMISSED

## XII. COUNT THREE
## VOLUNTARILY DISMISSED

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a)     Award   Plaintiff   strict   liability
statutory damages under authority of 47 U.S.C. §
227(c)(5)(B) for the unlawful calls material to
Count One for a total of $1500.00.

(b)     Award   Plaintiff   statutory   trebled
damages in addition to any other appropriate legal or
equitable relief under authority of 47 U.S.C.
§227(c)(5)(C), for the defendants willful or
knowing unlawful three (3) calls initiated to
Plaintiff, material to Count One, for a total of
$4500.00.

(c)     Award Plaintiff Permanent Injunctive
Relief pursuant to 47 U.S.C. §227(c)(5)(A)

(d)     In the alternative, award Plaintiff
any Other Equitable Relief the Court deems
justified to stop the accelerated harassment
defined and described herein.

(e)     Plaintiff   reserves   the   right   to
supplement this prayer, in the event additional
violations surface through continuing discovery.

(f)     Plaintiff waives any award in excess
of  $74,500.00, (Seventy  Four  Thousand  Five
Hundred Dollars), excluding costs and /or legal
fees.

Respectfully submitted,

By: _____

RICHARD M. ZELMA, *pro se*

Dated: April 15, 2015

### RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated. No other parties should be joined in this action.

By: _____

RICHARD M. ZELMA, *pro se*

Dated: April 15, 2015

**NOTICE TO ATTORNEY GENERAL**
**FOR THE STATE OF NEW JERSEY**

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A. §56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

_____

RICHARD M. ZELMA, *pro se*
PLAINTIFF
Norwood, NJ 07648

Dated: April 15, 2015

-15-

EXHIBIT - 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCHWARTZ SIMON
EDELSTEIN & CELSO LLC
100 South Jefferson Road
Suite 200
Whippany, New Jersey 07981
(973) 301-0001
Attorneys for Defendants,
Neale Kuperman, Evan Kuperman and
Galaxy Nyack, Inc., d/b/a Rockland Toyota

---

| | |
|---|---|
| Richard M. Zelma, | |
| Plaintiff, | |
| v. | Civil Action No. 2:13-cv-02698-ES-SCM |
| Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services, Neil Kuperman, Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota and DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP, | **AFFIDAVIT OF EVAN KUPERMAN o/b/o ROCKLAND TOYOTA** |
| Defendants. | |

STATE OF NEW YORK}

                 SS:

COUNTY OF ROCKLAND}

    I, Evan Kuperman, of full age and capacity, having been duly sworn by the undersigned authority, depose and say as follows:

{00608444; 1}

**EXHIBIT**

**1**

1.     I am the Assistant General Manager at Rockland Toyota, located at 618 Route 303, Blauvelt, NY 10913.

2.     Rockland Toyota is an independent and distinct entity from Toyota Financial Services Americas Corporation, d/b/a Toyota Financial Services ("TFS"). Rockland Toyota, in fact, is likewise independent and distinct from all other Toyota affiliates as well.

3.     TFS is a third party bank which enters into loans with car leasers or buyers, completely separate and distinct from Rockland Toyota.

4.     Rockland Toyota does not have the authority and/or capability of issuing interest loans to persons whom lease and/or purchase vehicles from Rockland Toyota.

5.     Rockland Toyota does not employ third-party telemarketers or maintain and/or hire call centers to market its services.

6.     Rockland Toyota does not use prerecorded messages for marketing purposes.

7.     Rockland Toyota removed all telephone numbers associated with Richard M. Zelma from its system, following Mr. Zelma's July 26, 2008 "cease and desist letter."

8.     Rockland Toyota only has one outgoing telephone number. That number is **845-358-2220**. The foregoing number does not show up as a blocked service number on a caller identification system.

9.     Annexed hereto as Exhibit 1 is a *Lease Protection Options Summary* from Plaintiff's July 2008 lease of a vehicle from Rockland Toyota, which designates the Lessor as Toyota Motor Credit Corp., to which only TSF is a "financial arm."

10.     Annexed hereto as Exhibit 2 is a *Credit Application* to TSF, from Plaintiff, at the time he leased a vehicle from Rockland Toyota.

11.    I have had the opportunity to review this Affidavit with the attached Exhibits, and each statement included in this Affidavit is true and accurate to the best of my knowledge and belief.

EVAN KUPERMAN
o/b/o ROCKLAND TOYOTA

Sworn to and subscribed
Before me on this 13
Day of May, 2013

FRANCISCO O. MARQUEZ
Notary Public, State of New York
Notary Public No. 01MA5042132
Qualified in Westchester County
Term Expires April 17, 2075

# EXHIBIT - 2

Richard,

Check out the 4 examples below. This BLACK FRIDAY ALL MONTH LONG Event might be the BEST time to upgrade your 2008 Toyota Rav4 to any one of our new Toyotas!

**2014 Toyota Sienna**
Stk #30554

| | |
|---|---|
| MSRP: | ~~$31,772~~ |
| Rockland Price | $30,641 |
| Factory Rebate | ($1,500) |
| Loyalty Rebate | ($500) |
| Your Trade Value | ($11,155)* |

Buy For: $17,486 ^

**2014 Toyota Avalon**
Stk #30730

| | |
|---|---|
| MSRP: | ~~$38,881~~ |
| Rockland Price | $34,881 |
| Factory Rebate | ($1,500) |
| Loyalty Rebate | ($1,000) |
| Your Trade Value | ($11,155)* |

Buy For: $21,226 ^

**2014.5 Toyota Camry**
Stk #30580

| | |
|---|---|
| MSRP: | ~~$24,020~~ |
| Rockland Price | $22,575 |
| Factory Rebate | ($2,000) |
| Loyalty Rebate | ($750) |
| Your Trade Value | ($11,155)* |

Buy For: $8,670 ^

**2015 Toyota Rav-4**
Stk #30677

| | |
|---|---|
| MSRP: | ~~$26,874~~ |
| Rockland Price | $25,920 |
| Loyalty Rebate | ($750) |
| Your Trade Value | ($11,155)* |

Buy For: $14,015 ^

Call me at 845-358-2220

— Evan Kuperman
General Manager

EXHIBIT 2

# ROCKLAND TOYOTA

## BLACK FRIDAY ALL MONTH LONG

Dear Richard Zelma,

Rockland Toyota invites you to our MONTH LONG Black Friday Event! All vehicles in stock have been clearly marked with SPECIAL PRICING during this event! If you are still the owner of a 2008 Toyota Rav4, be sure to bring it with you!

We want to exchange your vehicle for a brand new Toyota during our November Event. We are willing to offer you up to $11,155* for this trade when upgrading to a new 2014/2015 Toyota. PLUS, during this special EVENT all new Toyota models in stock will be offered at Special Pricing! The combination of Special Pricing, Factory Rebates and 0% APR† Financing and High Trade Values means you could possibly be driving a new vehicle for the same payment or even less than you have now.

This special combination offer is only being made to previous Rockland Toyota customers - This will be your only notification. Please bring this letter with you to identify you as a member of this event.

### *Your Complimentary Gift With Test Drive!*
**During this event you will receive a Target Gift Card just for taking a test drive!**
Limit one per letter holder. While supplies last.
Limit 100 for this event. See dealer for details.



*Just In Time For The Holidays!*

### November Upgrade Location:
**Rockland Toyota**
618 Route 303
Blauvelt NY 10913
**845-358-2220**
www.rocklandtoyota.com

### Dates:
**Now through
Sunday, November 30th, 2014**

2015 Toyota Rav-4 LE
$259/36 mo***

2014.5 Toyota Camry LE
$199/36 mo**



**CERTIFIED** Used Vehicles
The Best New Cars Make The Best Used Cars

**1.9% APR
financing on
select Certified
Used Vehicles.††**

POWERED BY *Black Book*

*Estimated Black Book® market value is based off of clean vehicle condition and mileage. Equipment and condition of vehicle may affect vehicle value. Black Book® is not a participating partner in or sponsor of this event or offer. Copyright © 2014 Hearst Business Media Corp. ALL RIGHTS RESERVED. Black Book® is a registered trademark of Hearst Business Media Corp. Deductions will be made for mileage over 10,000 miles per year, equipment, required reconditioning - both mechanical and cosmetic, accident history and general condition of the vehicle. All Rockland Toyota offers are mutually exclusive. All offers are with approved credit. Contact us for details. †With approved credit. On select models. 0% APR in lieu of retail bonus cash. See dealer for complete details. $110n select vehicles. With approved credit. **2014.5 Toyota Camry LE $199/month x 36 months. MSRP of $24,005. $0 down, excludes tax, title and MV fees. Available to qualified buyers. Present at time of purchase to receive advertised price. Includes $650 Acquisition Fee, $75 doc fee and $2000 Toyota lease bonus cash. ***2015 Rav4 LE - $259/month x 36 months. MSRP of $26,979. $0 down, excludes tax, title and MV fees. Available to qualified buyers. Present at time of purchase to receive advertised price. Includes $650 Acquisition Fee, $75 doc fee. *Plus tax, title, plates and applicable payoff.

---

**ROCKLAND TOYOTA** | 618 Route 303
Blauvelt NY 10913 | #7874
Expires November 30th, 2014

Offer Only
Valid On A:       **2008 Toyota Rav4**          Up To: **$11,155***

Non-Negotiable, Non-Transferable. Not a check.
One voucher per purchaser, per household.
Valid only during dates shown above. No cash value.

1 1 ******AUTO**SCH 5-DIGIT 07620
0000308 j211087
Pay
Richard Zelma
to the
940 Blanch Ave
Order
Norwood, NJ 07648-1712
Of:

*Evan Kuperman*
Authorized Signature

RICHARD M. ZELMA
PLAINTIFF
vs.
EVAN KUPERMAN individually, as owner, officer or managing member of GALAXY NYACK INC., d/b/a ROCKLAND TOYOTA,
and
GALAXY NYACK INC., d/b/a ROCKLAND TOYOTA,
and
DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP.
DEFENDANTS

Case 2:15-cv-0308-SDW-SCM

Removed from the Superior Court of New Jersey Law Division, Bergen County; Original DOCKET NO. BER -L- 20338-14

**CERTIFICATION of SERVICE**

The undersigned Plaintiff hereby certifies that my Amended Complaint with Exhibits, was sent via Overnight Mail, this 15th day of April, 2015 to;

The United States District Court
Clerks Office, 4th Floor
50 Walnut Street
Newark New Jersey 07101

And

On this same date, a Courtesy Copy was sent via Regular 1st Class Mail to Chambers of;
The Honorable Susan D. Wigenton, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

And

On this same date, true and correct copies of same were served upon Defendants, Evan Kuperman and Galaxy Nyack, Inc via Certified Mail, R.R.R., Regular 1st Class Mail at the Defendants place of business;

And

Same will be served via Court ECF upon counsel of record;

Syrion A. Jack Esq.
SCHWARTZ SIMON
EDELSTEIN & CELSO LLC
Attorneys for Defendants,
Evan Kuperman and Galaxy Nyack, Inc., d/b/a Rockland Toyota

I hereby certify that the foregoing statements made by me are
true. I am aware that if any of the foregoing statements made by me
are willfully false, I am subject to punishment.

Richard M. Zelma, *pro se*
PLAINTIFF

Dated: April 15, 2015

2