NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, | Civil Action No. 2:15-cv-0308 (SDW) (SCM) |
| Plaintiff, | |
| v. | **OPINION** |
| EVAN KUPERMAN, individually and as owner, officer or managing member of GALAXY NYACK, INC. d/b/a ROCKLAND TOYOTA, AND GALAXY NYACK, INC. d/b/a ROCKLAND TOYOTA AND DOES (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP, | August 13, 2015 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss, filed by Evan Kuperman and Galaxy Nyack, Inc. d/b/a Rockland Toyota (collectively, "Defendants"), for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). These motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL HISTORY**

Richard M. Zelma ("Plaintiff") is a resident of Norwood, New Jersey. (Compl. ¶ 3.) Plaintiff's phone number, which he has had for forty years, has been on the federal and New

1

Jersey Do-Not-Call Lists ever since those lists were created. (Id. ¶¶ 3, 10; *see also* 47 U.S.C. § 227 *et seq.* (prohibiting unsolicited telephone marketing calls to members on a national Do-Not-Call list).)

Galaxy Nyack, Inc. d/b/a Rockland Toyota ("Rockland Toyota") is a Delaware corporation with its principal place of business in Blauvelt, New York. (Id. ¶ 4.) Evan Kuperman ("Kuperman") co-owns, directs, controls, and makes day-to-day operational decisions for Rockland Toyota. (Id. ¶ 6.)

In 2008, Plaintiff leased a 2008 Toyota from Rockland Toyota. (Id. ¶ 13.) At that time, when Plaintiff was asked to sign an agreement providing consent ("Consent Agreement") for the dealer or its marketing partners to make telephone calls unrelated to service or recalls, Plaintiff declined. Plaintiff further indicated that he did not wish to receive calls from Defendants for "anything except that related to 'the vehicle being serviced.'" (Id. ¶¶ 13-14.)

On March 28, 2013, Plaintiff filed a complaint against Defendants in New Jersey Superior Court, Law Division, Bergen County ("2013 Action"). (Compl. ¶ 19; *Zelma v. Toyota Fin. Servs. Corp.*, Docket No. L-1027-13, (N.J. Super. Ct. Law Div. 2013).) In the 2013 action, Plaintiff alleged that Defendants made telephone calls to advertise "great deals" for his next lease or purchase despite the inclusion of Plaintiff's telephone number in the Do-Not-Call lists, his explicit rejection of the Consent Agreement, and his verbal request that Defendants may only call him regarding the service of his vehicle. (Compl. ¶¶13-19.) Defendants removed the matter to the District Court on June 10, 2013. (Id. ¶ 19.) On June 13, 2014, the parties in the 2013 Action settled Plaintiff's claims subject to a waiver of Defendant's liability (the "2013 Release"). (Dkt. No. 20, Schwartz Cert. Ex. 3.) The 2013 Release provided that Plaintiff would:

> [R]elease, relieve, waive, relinquish and discharge Defendants . . . of and from any and all causes of action, suits and liabilities, now, heretofore existing at law or in equity,

>   whether known or unknown, arising out of or relating to the subject matter of the [2013] Action, or otherwise, for anything that has happened up until now, the date of the execution of the [R]elease . . . Plaintiff further agrees that he shall not file any future claims, complaints, affidavits, arbitrations or proceedings with any federal state or local law enforcement, regarding any acts, failures to act, omissions, facts, events, misrepresentations, transactions, occurrences, or other matter which relate to this Agreement or the Action, and any such claims, complaints affidavits, arbitrations or proceedings filed prior to the execution of this Agreement shall be dismissed or withdrawn.

(Id., ¶ 2.)  It continued:

>   Plaintiff hereby acknowledges that he may hereafter discover facts different from or in addition to, those which he now claims or believes to be true with respect to the claims released herein, and agrees that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such different or additional facts with respect to the claims released herein, for anything that has happened up until now, the date of execution of this Release.

(Id. ¶ 3.) Further, the 2013 Release:

>   [C]ontains the entire agreement and understanding among the parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any party hereto.

(Id. ¶ 13.) The 2013 Release also provided for non-disclosure of its terms. (Id. ¶ 9.)

On September 9, 2014, Plaintiff's Caller ID registered three calls from Defendants' phone number at 9:48 a.m., 9:53 a.m., and 10:04 a.m.  (Id. ¶¶ 32-35.)  The first two calls were not answered and the caller did not leave a message. (Id. ¶¶ 32-33.)  Plaintiff answered the third call and was informed that the call was from Rockland Toyota, and that the two earlier attempts to contact him that morning had been "interrupted by customers entering the dealership." (Id. ¶ 36.) The purpose of the call, according to the Rockland Toyota representative, was "to offer Plaintiff maintenance service on his 2008 Toyota." Id. The maintenance offer included an "oil change, tire rotation with an option for an inspection of brakes and other mechanical parts" at cost. (Id. ¶ 37.)

3

On December 4, 2014, Plaintiff filed a Complaint in New Jersey Superior Court, Law Division, Bergen County.  (Dkt. No. 1, Ex. 1.)  On January 15, 2015, Defendants removed this matter to federal court.  (Dkt. No. 1.)  On March 23, 2015, Plaintiff sought leave to amend the Complaint, which was granted on April 10, 2015.  (Dkt. Nos. 15, 18.)  On April 17, 2015, Plaintiff filed his Amended Complaint.  (Dkt. No. 19.)  In the sole count of the complaint, Plaintiff alleges a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5)(B).[1]  (Id. ¶¶ 55-62.)  Although not formally stated as a count of the complaint, Plaintiff seemingly alleges violation of an implied contract and promissory estoppel.  (Id. ¶ 54.)

On April 30, 2015, in lieu of filing an answer, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 20.)

**LEGAL STANDARD**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (external citations omitted); see also *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted).  Stating a claim

---

[1] Two of the three counts alleged in Plaintiff's initial complaint were "voluntarily dismissed" in his amended complaint.

4

requires a complaint with enough "factual matter (taken as true) to suggest" the required element. *Phillips,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 55 n. 3). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). (Id.)

## DISCUSSION

### a. The 2013 Release

Defendants argue that Plaintiff is barred from litigating any claims relating to telephone solicitations pursuant to the 2013 Release. (Dkt. No. 20.) By the terms of the 2013 Release, Plaintiff waived all present and future claims "relating to the subject matter" of the 2013 Release and averred that he would dismiss or withdraw all claims "filed *prior to* the execution of" the Release even if new facts arose relating to "anything that has happened *up until now*." (Dkt. No. 1, Ex. 1, ¶¶ 2-3) (emphasis added.) Plainly, the subject matter of the 2013 Release relates to the alleged solicitations that occurred before its execution. Because the subject matter of this case—the calls made on September 9, 2014—is not related to the calls that precipitated the 2013 Release, Plaintiff's present claims are not barred.

### b. TCPA Violations

The TCPA provides that:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State . . . an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater.

47 U.S.C. § 227(c)(5)(B).

Federal regulations clarify that "no person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §64.1200(c)(2). "Telephone solicitation" refers to "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. §64.1200(f)(14). Telephone solicitations, however, do not include a call or message "to any person with that person's *prior express invitation or permission*." 47 C.F.R. § 64.1200(f)(14)(i) (emphasis added).

In 2008, Plaintiff declined to sign the Consent Agreement authorizing the dealership to call him for matters unrelated to maintenance service or recalls that affect his vehicle. (Compl., ¶¶ 13-14.) Plaintiff also barred defendants from calling him for "anything except that related to 'the vehicle being serviced.'" (Id.) It follows that Plaintiff provided his express invitation to receive calls generally related to the servicing of his vehicle. When Rockland Toyota called to offer Plaintiff "maintenance service on his 2008 Toyota" on September 9, 2014, it acted with Plaintiff's express invitation. (Id. ¶ 36.) Plaintiff did not bar all calls; he expressly limited the kind of call he would be willing to receive from Defendants to service calls. In this Court's view, the

6

September 9, 2014 call falls within the parameters of a service call. Accordingly, Count I—the sole count of the complaint—is dismissed.[2]

### c. Implied Contract and Promissory Estoppel

An implied contract reflects the parties' "mutual agreement and intent to promise . . . inferred from the conduct of the parties" where "the agreement and promise have not been verbally expressed." *Matter of Penn Cent. Transp. Co.*, 831 F.2d 1221, 1228 (3d Cir. 1987) (citing 1 S. Williston on Contracts § 3 (3d ed. 1957)); *St. Paul Fire & Marine Ins. Co. v. Indem. Ins. Co. of N. Am.*, 32 N.J. 17, 23 (1960). The requirements for implied contracts and express contracts are identical: offer, acceptance, and consideration. *See Gardinier v. V.I. Water & Power Auth.*, 145 F.3d 635, 644 (3d Cir. 1988).

Plaintiff asserts that some combination of the circumstances surrounding the 2013 Release and the terms of the 2013 Release itself created an implied contract binding or estopping Defendants from making any further calls to him. (Dkt. No. 21, 16-18.)

With respect to the implied contract claim, the 2013 Release provided for no future responsibilities other than non-disclosure of its terms. (Dkt. No. 20, Schwartz Cert. Ex. 3, ¶ 9.) In addition, it expressly stated that its terms constituted the entirety of the parties' agreement. (Id. ¶ 13.) These "facts do not permit the court to infer more than the mere possibility" that Defendants intended to be bound to the alleged implied contract. *Iqbal*, 556 U.S. at 679. Accordingly, the implied contract claim is without merit.

Promissory estoppel requires (1) a clear and definite promise made with the expectation the promisee will rely on it and (2) reasonable, detrimental reliance. *See Toll Bros., Inc. v. Bd. of*

---

[2]This Court does not arrive at any conclusion with respect to whether Defendants' phone calls meet the statutory numerical threshold that would enable Plaintiff's suit. (Dkt. No. 20, 12; 27 U.S.C. § 227(c) (requiring a threshold of "more than one telephone call within any 12-month period").) Since Plaintiff provided an express invitation, the issue is moot.

*Chosen Freeholders of County of Burlington*, 194 N.J. 223 (2008); *Malaker Corp. v. First Jersey Nat'l Bank*, 163 N.J. Super. 463, 479 (App. Div. 1998). In addition to the fact that the Amended Complaint contains no evidence of a clear or definite promise made by the Defendants, it also contains no allegations with respect to Plaintiff's detrimental reliance on such promise. (See generally Dkt. No. 19.) Thus, Plaintiff is not entitled to relief on the basis of promissory estoppel.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** the Motion to Dismiss. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk  
cc:    Parties  
       Magistrate Judge Steven C. Mannion