<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 13, 2015

Richard M. Zelma
940 Blanch Avenue
Norwood, NJ 07648
*Pro Se*

Stefani C. Schwartz, Esq.
Schwartz Simon Edelstein & Celso LLC
100 South Jefferson Road
Suite 200
Whippany, NJ 07981
*Attorneys for Defendants*

## <u>LETTER ORDER FILED WITH THE CLERK OF THE COURT</u>

> Re:   **Zelma v. Kuperman, et al.**
>         **Civil Action No. 15-00308 (SDW) (SCM)**

Litigants:

Before this Court is the motion of Defendants Evan Kuperman and Galaxy Nyack, Inc. d/b/a Rockland Toyota (collectively "Defendants") for sanctions against pro se Plaintiff Richard M. Selma ("Plaintiff") pursuant to Fed. R. Civ. P. 11. (Dkt. No. 27.) As the parties are familiar with this case, this Court will reference only those facts relevant to the current motion.

On August 13, 2015, this Court granted Defendants' Motion to Dismiss Plaintiff's Amended Complaint based on the Amended Complaint's failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 26.) On August 11, 2015, two days earlier, this Court denied, without prejudice, a motion by Defendants for sanctions against Plaintiff.

(Dkt. No. 24.)  Defendants filed the Motion for Sanctions currently before this Court on August 18, 2015.

**DISCUSSION**

A. Legal Standard for Sanctions Motion Under Fed. R. Civ. P. 11

Fed. R. Civ. P. 11 allows a court to "impose an appropriate sanction on any . . . party that violate[s] Rule 11(b)."  Rule 11(b), in turn, provides that when a party submits a pleading to a court, the "party certifies that to the best of the [party's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading "is not being presented for an improper purpose" and "the claims . . . are warranted by existing law or by [another] nonfrivolous argument . . . ."  Thus, a party submitting a complaint to a court must conduct a reasonable inquiry into the basis for its claim and have '"an objective knowledge or belief at the time of the filing . . . .' that the claim [is] well-grounded in law and fact."  *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citation omitted) (quoting *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)).  However, sanctions are appropriate "only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous."  *Ford Motor Co.*, 889 F.2d at 496 (quoting *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988)).  Furthermore, although "[p]ro se litigants are not immune from sanctions . . . . the analysis of reasonableness takes into account the party's pro se status."  *Huertas v. Transunion, LLC*, No. CIV08-244 (JBS), 2010 WL 1838410, at *3 (D.N.J. May 6, 2010) (citations omitted).

B. Sanctions Are Not Appropriate Under These Circumstances

Defendants argue that sanctions against Plaintiff are appropriate on two bases.  First, Defendants claim that Plaintiff's implied contract and promissory estoppel claims were "patently

unreasonable and frivolous." (Dkt. No. 27 at 4.) Second, Defendants contend that Plaintiff should be sanctioned for his "refusal to withdraw his . . . claims" despite the existence of a 2014 Settlement Agreement and Release ("Release"). (Dkt. No. 27 at 7.) Yet, although Defendants correctly identify at least one of the weaknesses in Plaintiff's Amended Complaint which led to its dismissal, Plaintiff's actions do not rise to the level needed to justify imposing sanctions.

Defendants are correct that Plaintiff's implied contract and promissory estoppel claims were deficient. As noted in this Court's August 13, 2015 Opinion, the Amended Complaint did not state sufficient facts upon which this Court could have granted relief to Plaintiff on either claim. (Dkt. No. 25 at 7-8.) Nonetheless, Plaintiff's failure to state a plausible claim under either theory was not the type of egregious behavior that warrants a court's imposition of sanctions under Rule 11.

Nor are sanctions justified under Defendants' second argument, that Plaintiff should have withdrawn his claim in light of the Release. Since Plaintiff's pursuit of the claim in his Amended Complaint does not justify imposing sanctions, neither does his failure to voluntarily withdraw the Amended Complaint.

Thus, in considering the parties' contentions, this Court finds that although the factual allegations in Plaintiff's Amended Complaint were insufficient to survive Defendants' Motion to Dismiss, Plaintiff's lawsuit was not "patently unmeritorious or frivolous." *See Ford Motor Co.*, 889 F.2d at 496. Consequently, Rule 11 sanctions are unwarranted and Defendants' Motion for Sanctions is **DENIED.**

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 13th day of November, 2015,

ORDERED that Plaintiff's Motion for Sanctions is **DENIED.**

**SO ORDERED**.

<u>s/ Susan D. Wigenton, U.S.D.J</u>

Orig:   Clerk
cc:     Parties
        Steven C. Mannion, U.S.M.J.